IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERSKIN RIVERS, TDCJ #1369061, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1105 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

TDCJ inmate Erskin Rivers has filed a petition for a writ of habeas corpus (Docket Entry No. 1) challenging a nearly eight-year-old state court conviction under 28 U.S.C. § 2254. The petition will be dismissed as successive and untimely.

**I.   Procedural History and Claims**

Rivers was convicted of murder in 2006. State v. Rivers, No. 1030798 (338th Dist. Ct., Harris County, Tex., May 4, 2006). The Court of Appeals for the First District of Texas affirmed the conviction the following year. Rivers v. State, No. 01-06-00421-CR, 2006 WL 3293773 (Tex. App. Houston [1st Dist.] Nov. 8, 2007). The Texas Court of Criminal Appeals refused Rivers' petition for discretionary review (PDR) on October 29, 2008. Id.

Rivers filed an application for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure

on October 1, 2009 (Docket Entry No. 1, p. 4). The Texas Court of Criminal Appeals denied the application based on the trial court's findings without a written order. Ex parte Rivers, 73,188-01 (Tex. Crim. App. Jan. 6, 2010). See Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us.

Rivers filed a federal petition for a writ of habeas corpus challenging the murder conviction on or about March 2, 2010. The United States District Court for the Southern District of Texas dismissed the petition on the merits. Rivers v. Thaler, No. H-10-0738 (S.D. Tex. Feb. 9, 2011). Rivers filed a motion for a certificate of appealability, which the United States Court of Appeals for the Fifth Circuit denied. Rivers v. Thaler, No. 11-20169 (5th Cir. Aug. 3, 2011). He then filed a petition for a writ of certiorari, which was denied by the United States Supreme Court on February 21, 2012. Rivers v. Thaler, No. 11-7722.

Rivers filed a second state habeas application on September 20, 2013 (Docket Entry No. 1, p. 4). The Court of Criminal Appeals dismissed the habeas application as successive per article 11.07, § 4 of the Texas Code of Criminal Procedure. Ex parte Rivers, 73,188-02 (Tex. Crim. App. Nov. 23, 2013).

Rivers filed the current petition on April 16, 2014. He asserts that he was wrongly convicted because he was actually innocent of the crime. Rivers also contends that the petition was delayed because he had to file a second state habeas petition.

## II. Successive Petition

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Rivers' petition is barred as a successive federal habeas challenge to a state court conviction. 28 U.S.C. § 2244(b). Because of the prior dismissal on the merits, Rivers must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3). There is no indication that the Fifth Circuit has granted permission to Rivers to file the current petition. Without such authorization, this action must be dismissed for lack of jurisdiction. Williams v. Thaler, 602 F.3d 291, 301 (5th Cir. 2010); Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

## III. Statute of Limitations

In addition to being barred as successive, this action would be barred as untimely under the AEDPA because Rivers is challenging a conviction that was final more than five years ago. See 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period for filing of § 2254 petition after conviction becomes final). His conviction became final on January 27, 2009, ninety days after the date the Court of Criminal Appeals refused his PDR on October 29, 2008. Gonzalez v. Thaler, 623 F.3d 222, 225-226 (5th Cir. 2010).

Rivers filed a state habeas application on October 1, 2009, 247 days after his conviction became final. The Court of Criminal Appeals denied the application on January 6, 2010. The limitations

-3-

period was tolled during the pendency of the state habeas application. 28 U.S.C. § 2244(d)(2). However, the period recommenced after the Court of Criminal Appeals denied the state application. See Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998). Consequently, the limitations period expired 118 days later on May 4, 2010.

Rivers' previous federal habeas petition did not toll the limitations period. Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001) (application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within the meaning of the AEDPA's tolling provision); Grooms v. Johnson, 208 F.3d 488 (5th Cir. 1999). His second state habeas application did not toll limitations because it was filed well after the limitations period had expired. Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013), citing Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), citing § 2244(d)(2). Habeas petitioners are usually given an opportunity to respond when a court screening a federal habeas petition finds it to be untimely. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). The court concludes that a response is not warranted in this case since Rivers' petition is successive as well as time-barred.

### IV. Certificate of Appealability ("COA")

Before Rivers can appeal the dismissal of his petition, he must obtain a COA. 28 U.S.C. § 2253. In order to obtain a COA

Rivers must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). A COA shall be denied because this action is clearly barred, and Rivers has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

### V. Conclusion and Order

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE.**

2. A Certificate of Appealability is **DENIED.**

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner; and a copy of the petition and this Memorandum Opinion and Order to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this 28th day of April, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE